UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

GREGORY BERRY,

    Petitioner,

v.                              Case No: 5:11-cv-296-Oc-29PRL

WARDEN, FCC COLEMAN - MEDIUM,

    Respondent.

_____

**OPINION AND ORDER**

Petitioner Gregory Berry (hereinafter "Petitioner" or "Berry") initiated this action as a federal prisoner incarcerated at FCC-Coleman by filing a habeas corpus petition pursuant to 28 U.S.C. § 2241 (Doc. #1) and supporting memorandum of law (Doc. #2) on May 17, 2011. The petition challenges Berry's 2001 conviction of knowing and intentionally distributing more than 50 grams of crack in violation of 21 U.S.C. § 841(a)(1) entered in the United States District Court for the Southern District of Florida, for which he received a life sentence. Petition at 1; Response at 1. In the instant Petition, Berry asserts that he is entitled to a retroactive application of the Fair Sentencing Act of 2010 ("FSA"), Pub.L. No. 111-220, 124 Stat. 2372 (2010); and, that based on the penalties set forth in the FSA, he is actually innocent of the mandatory life sentence set forth in 21 U.S.C. § 841(b) for offenses involving crack cocaine. Memorandum at 1.

Respondent filed a response (Doc. #6) moving to dismiss the Petition for lack of jurisdiction and attached supporting exhibits including a copy of the criminal docket sheet (Doc. #6-1, Exh. 1, docket no. 1:01-cr-426-ASG-1 (S.D. Fla.)) and a copy of the civil docket sheet on Petitioner's motion to vacate his sentence filed pursuant to 28 U.S.C. § 2255 (Doc. #6-2, Exh. 2, docket no. 1:04-cv-20514-ASG)). Petitioner filed a Reply (Doc. #9). The Court directed Respondent to file a supplemental response, see Doc. #12, based on Bryant v. FCC Coleman Medium, 738 F.3d 1253 (11th Cir. 2013), and attach a copy of the Presentence Investigation Report ("PSR"). Respondent complied with the order, see Doc. #13 (supplemental response), Doc. #14 (PSR). Petitioner filed a supplemental reply (Doc. #16).[1] This matter is ripe for review.

**Procedural History**

**A.   Conviction and Direct Appeal**

A federal grand jury in the United States District Court for the Southern District of Florida indicted Berry for "knowing and intentionally distributing fifty grams or more of a mixture and substance containing a detectable amount of cocaine which contains

---

[1] To the extent either reply raises arguments not set forth in either the Petition, or the Memorandum, such arguments are not properly before the Court. See Herring v. Sec'y Dep't of Corr., 397 F.3d 1338 (11th Cir. 2005)(noting that a petitioner's "[a]rguments raised for the first time in a reply brief are not property before the reviewing court.")(citing United States v. Coy, 19 F.3d 629, 632, n. 7 (11th Cir. 1994))(other citations omitted).

cocaine base, otherwise known as crack." Prior to trial, the United States filed notice of intent to seek enhanced penalties under 21 U.S.C. § 851 based on Berry's prior felony drug convictions. Exh. 1 at Docs. #25, #26. Considering the quantity of cocaine at issue, Berry's unenhanced statutory maximums sentence was life imprisonment, but based on his prior felony drug convictions, Berry faced a mandatory life sentence. The jury found Berry guilty as charged. Exh. 1 at Doc. #46. 21 U.S.C. § 841(b)(1)(A)(2001). In accordance with the jury verdict, the district court sentenced Petitioner to life imprisonment. Id. at Doc. #68.

Berry appealed his conviction. Exh. 1 at Doc. #69. Berry argued that the district court committed reversible error by permitting the Government to present rebuttal evidence beyond the scope of the defense. Berry also argued that this life sentence constituted cruel and unusual punishment under the Eighth Amendment. Id.; see also Exh. 1 at Doc. #82, United States v. Berry, Case No. 02-13668 (11th Cir. 2003). The United States Court of Appeals for the Eleventh Circuit affirmed Berry's conviction and sentence. Id. at Doc. #82; United States v. Berry, Case No. 02-13668 (11th Cir. 2003).

**B. Section 2255 Motion**

Berry filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Exh. 2 at Doc. #83; Exh. 2 at Doc. #1. Following

an evidentiary hearing, the district court denied Berry relief. Id. at Doc. #78. The district court then granted Berry's application for a certificate of appealability on the issue of Berry received ineffective assistance of counsel based on counsel's failure to challenge whether the substance involved in his offense was crack cocaine. Id. at Doc. #80; Berry v. United States, 281 F. App'x 967, 968 (11th Cir. 2008)(unpublished). The Eleventh Circuit affirmed the district court's denial of Berry's § 2255 motion. Exh. 2 at Doc. #98; Berry, 281 F. App'x at 968. Berry sought *certiorari* review with the United States Supreme Court, which was denied. Berry v. United States, 129 S. Ct. 476 (2008).

**C. Motion for Application of Sentence Reduction**

Berry also filed a motion for retroactive application of sentencing guidelines to crack cocaine offenses. Exh. 1 at Doc. #87. The district court denied the motion finding Petitioner not eligible for a sentence reduction because he was subject to a statutory mandatory minimum life sentence under 21 U.S.C. 841(b)(1)(A). Id. at Doc. #91. Berry appealed and by order entered November 14, 2012, the United States Court of Appeals for the Eleventh Circuit affirmed the district court's order. Id. at Doc. #110; United States v. Berry, Case No. 12-11150 (11th Cir. 2012). In pertinent part, the appellate court confirmed that Amendment 750 had no effect on Berry's initial guidelines range.

The appellate court further addressed Berry's argument that he was entitled to resentencing under the FSA. Id. at 6. The appellate court noted that the FSA does not serve as a basis for a sentence reduction under § 3582(c)(2). Further, assuming *arguendo* that Berry could bring his FSA claim in a § 3582(c)(2) motion, the appellate court found that the FSA does not apply retroactively to Berry's 2002 sentence. Id. at 6-9.

**D. Current § 2241 Petition**

Petitioner asserts that he is "actually innocent" of his enhanced sentence pursuant to the FSA. Petition at 6; Memorandum at 5. Petitioner argues that his prior § 2255 motion was "inadequate and ineffective" to challenge the legality of his detention; and, therefore, this Court has jurisdiction to hear the claim under Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999). Petitioner claims that the FSA constitutes a "retroactively applicable" law, which was not previously available for him to assert. Memorandum at 6, 15. Petitioner, *inter alia*, argues that he was convicted of a "non-existent offense" because now under the FSA there is no violation based on "50 grams or more" of cocaine. Id. at 12.

In response, Respondent asserts that this Court lacks jurisdiction to considering the instant Petition because the FSA does not constitute a retroactive, applicable decision of the United States Supreme Court. Response at 5. Alternatively,

Respondent asserts that even if the FSA were retroactive, Petitioner would still not be "actually innocent" of distributing crack cocaine. Id. Respondent further points out that even if Petitioner's sentence was not enhanced based on his prior qualifying drug convictions, Petitioner would have nevertheless been sentenced to life imprisonment. Id. at 6.

## Analysis

"Typically collateral attacks on the validity of a federal sentence must be brought under § 2255." Darby v. Hawk-Sawyer, 405 F.3d 942, 944-45 (11th Cir. 2005)(per curiam). When a petitioner has previously filed a § 2255 petition, he must apply for and receive permission from the appropriate federal circuit court prior to filing a successive petition. Id. (citing In re Blackshire, 98 F.3d 1293, 1293 (11th Cir. 1996); see also 28 U.S.C. § 2244(b)(3)(A). Additionally, § 2255 motions must be brought in the district court of conviction and are subject to a one-year statute of limitations. Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003); 28 U.S.C. § 2255(f). Under limited circumstances, a federal prisoner may file a habeas petition pursuant to § 2241. 28 U.S.C. § 2255(e) provides that:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the application has failed to apply for relief, by motion, to the court which sentenced him, or that such court has

> denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Id. (emphasis added to indicate the savings clause). The last clause of § 2255(e) is the "savings clause." The applicability of the savings clause is a threshold jurisdictional matter, and where it is absent, federal courts lack authority to consider the merits of a petitioner's § 2241 claims. Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013) (citing Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999)); see also Bryant v. Warden, FCC Coleman-Medium, 738 F.2d 1253, 1256 (11th Cir. 2013)(recognizing five requirements a petitioner must meet to satisfy the savings clause). Id. at 1339-40 ("[I]n enacting § 2255(e), Congress clearly restricted the subject-matter jurisdiction of the federal courts.").

Petitioner's previous § 2255 motion was denied by the court which imposed his sentence. Thus, Petitioner may not file another § 2255 motion without first receiving permission from the appropriate United States Court of Appeals, which Petitioner has failed to do. 28 U.S.C. § 2255(h); Darby, 405 F.3d at 945 ("[w]hen a prisoner has previously filed a § 2255 motion to vacate, he must apply for and receive permission . . . before filing a successive § 2255 motion"). Thus, Petitioner's only available avenue for collateral relief in a § 2241 petition is through the savings

clause. The savings clause of § 2255 permits a federal petitioner to file a § 2241 petition if the petitioner can establish that § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). In Gilbert v. United States, 640 F.3d 1293 (11th Cir. 2011), the Eleventh Circuit Court of Appeals held that the savings clause "does not authorize a federal prisoner to bring in a § 2241 petition a claim, which would otherwise be barred by § 2255(h), that the sentencing guidelines were misapplied in a way that resulted in a longer sentence not exceeding the statutory maximum." Gilbert, 640 F.3d at 1323. The Eleventh Circuit concluded that "for claims of sentence error, at least where the statutory maximum was not exceeded, the point where finality holds its own against error correction is reached not later than the end of the first round of collateral review." Id. at 1312; see also id. at 1295 (holding that a federal prisoner cannot "use a habeas corpus petition to challenge his sentence . . . at least where the sentence the prisoner is attacking does not exceed the statutory maximum.").

Here, Petitioner was convicted of violating 21 U.S.C. § 841(a)-(b)(1)(B). Considering the quantity of drugs at issue in Petitioner's conviction was 50 grams or more, the statute under which Petitioner was convicted provided a penalty of not "less than 10 years or more than life." His enhanced sentence subjected him to a mandatory life sentence. Thus, Petitioner faced a

statutory maximum penalty of life imprisonment, even before his prior drug convictions were considered. Id. Thus, Petitioner's life sentence is not above the statutory maximum. Consequently, the savings clause in § 2255(e) does not apply to Petitioner's claim and this Court lacks jurisdiction to address his § 2241 petition. See Gilbert, 640 F.3d at 1312; Chester v. Warden, 552 F. App'x 887, 891 (11th Cir. 2014).

Additionally, Respondent is correct that the FSA does not constitute retroactive, applicable law set forth by the United States Supreme Court to open the door to relief under the saving's clause. The Eleventh Circuit agreed in its decision affirming the district court's order denying Petitioner's motion for a sentence reduction. Exh. 1 at Doc. #110 at 6-9. Petitioner's commission of the offense and entry of his sentence all occurred prior to the FSA's enactment. Jones v. Warden, FCC-Coleman-Medium, 520 F. App'x 942, 945 (11th Cir. 2013)(unpublished); see also United States v. Gomes, 621 F.3d 1343, 1346 (11th Cir. 2010), cert. denied, 131 S. Ct. 1833 (2011).

Because Petitioner fails to show that § 2255's remedy is inadequate or ineffective to test the legality of his detention, the savings clause does not apply to his claims. Accordingly, this action is subject to dismissal for lack of jurisdiction.

ACCORDINGLY, it is hereby

**ORDERED:**

1. The Petition is **DISMISSED** for lack of jurisdiction.

2. The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on this __29th__ day of July, 2014.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

SA: alr
Copies: All Parties of Record

- 10 -